*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC



# LAW OFFICES OF WILLIAM CAFARO

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: mblum@cafaroesq.com

May 2, 2023

***Via ECF***
Hon. Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Raul Baten v. Zion Farm et al*
Case No. 21-cv-1706 (VEC)

Your Honor:

This office represents the Plaintiff in this action. We write, pursuant to Federal Rule of Civil Procedure 60(a), to respectfully ask that the Court correct a mistake in the judgment entered against Defendants.

On July 1, 2021, Plaintiff filed a default judgment against Zion Farm LLC d/b/a Delmonico Gourmet Food Market, Eastern Farms, Inc. d/b/a Delmonico Gourmet Food Market, and Young A. Lee (altogether as "Defendants"), along with a proposed judgment. [DE 21-24]. A default judgment hearing was subsequently held on October 22, 2021 and, as Defendants did not appear, the Court stated it would enter judgment against Defendants subject to Plaintiff submitting a revised damages calculation with a new proposed judgment. [DE 30]. In accordance with the Court's directive, on October 29, 2021, Plaintiff filed the revised calculations with a revised proposed judgment. [DE 31].

Unbeknownst to Plaintiff, the revised proposed judgment had one error in the caption, namely that it read "Eastern District of New York", [DE 31-2], instead of "Southern District of New York" as it correctly read in the proposed judgment filed on July 1, 2021. *See* [DE 21]. On November 1, 2021, the Court signed the revised proposed judgment stating "Eastern District of New York" in the caption. [DE 32]. Plaintiff did not discover this mistake in the caption until very recently. Now that Plaintiff is in the process of initiating collection proceedings concerning this judgment, we have discovered this mistake and respectfully ask the Court to correct the judgment to correctly state "Southern District of New York" with everything else in the judgment remaining the same.

Under FRCP 60(a), "'[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'" *Izmirligil v. Whelan*, No. 14-CV-3309 (SJF), 2015 U.S. Dist. LEXIS 112562, at *4 (E.D.N.Y. Aug. 25, 2015) (citing to FRCP 60(a). "This rule 'contemplates the correction of *clerical* errors in order that the Court's judgment may reflect the Court's intentions."' *Izmirligil*, 2015 U.S. Dist. LEXIS 112562, at *4 (quoting *Heath v. Warner Commc'n, Inc.*, No. 85 Civ. 1269, 1989 U.S. Dist. LEXIS 14128, 1989 WL 146795, at *1 (S.D.N.Y. Nov. 29, 1989)). '"[S]uch mistakes need not be made by a clerk, they must be *mechanical* in nature, apparent from the record and not involve an error of substantive judgment." *Id*.

Here, the mistake in the caption of the revised proposed judgment clearly constitutes a clerical mistake. Indeed, the first version of the proposed judgment had the correct caption, but the revised proposed judgment containing the mistake was subsequently signed by the Court. Much like the Court in *Izmirligil* deemed it vital that the Order dismissing the case and the final judgment reflect the Plaintiff's proper name (which has been otherwise misspelled), *see id.,* we ask that the Court correct the final judgment to reflect the correct district of this Court. We believe this will help avoid any issues with our collection efforts in connection with this judgment. For the Court's convenience, we are attaching a corrected, final judgment for the Court's review and execution.

We thank the Court for its consideration to this request and apologize for this oversight.

Respectfully submitted,
/s/
By Louis M. Leon, Esq. (WC 2730)
108 West 39th Street, Suite 602
New York, New York 10018
LLeon@cafaroesq.com